SANTIAGO, RECURRENTE, *v.* EL REGISTRADOR DE GUAYAMA, RECURRIDO.

Recurso gubernativo contra nota del Registrador de la Propiedad de Guayama, inscribiendo con defecto subsanable una escritura de hipoteca voluntaria.

No. 335.—Resuelto en noviembre 23, 1917.

HIPOTECA VOLUNTARIA—COMPARECENCIA DEL ACREEDOR—PODER—DEFECTO SUBSANABLE.—Según la doctrina del artículo 138 de la ley hipotecaria, las hipotecas voluntarias pueden constituirse válidamente no sólo por convenio de las partes, sino por la exclusiva voluntad del dueño de los bienes sobre que las mismas se constituyen, sin necesidad de que conste la aceptación de la persona a cuyo favor impone el gravamen, razón por la que no constituye defecto subsanable el hecho de no acreditarse cumplidamente en la escritura presentada para su inscripción en el registro que la persona que en la misma compareció como apoderado del acreedor tenía en efecto tal carácter.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Manuel A. Rivera.*

El registrador recurrido, Sr. Augusto Malaret, compareció en nombre propio.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

En el presente caso los dueños de varias fincas rústicas constituyeron hipotecas voluntarias sobre las mismas en garantía de cierto préstamo. Al otorgamiento de la escritura comparecieron en persona los dueños de las fincas hipotecadas y por medio de apoderado el acreedor hipotecario. En la escritura se consignó que el apoderado del acreedor lo era por virtud de documento público, pero no se transcribió éste. Tampoco se acompañó cuando la escritura de hipoteca se presentó para su inscripción en el registro.

El registrador inscribió la escritura de hipoteca, pero "haciéndose constar el defecto subsanable de no haber acreditado Don Florencio Santiago Rivera, su carácter de apoderado de la Señora Santiago Rivera." Y contra esa calificación del registrador, se interpuso el presente recurso gubernativo.

A nuestro juicio tiene razón el recurrente. Véase lo que ha resuelto la Dirección General de los Registros de España sobre la materia:

"* * * según la doctrina del * * * artículo 138 de la Ley Hipotecaria, las hipotecas voluntarias pueden constituirse válidamente, no sólo por convenio entre las partes, sino por la exclusiva voluntad del dueño de los bienes sobre que las mismas se constituyan, sin necesidad de que conste la aceptación de la persona a cuyo favor se impone este gravamen;" Resolución de 25 de junio de 1877.

"* * * a tenor de lo dispuesto en el artículo 138 de la Ley Hipotecaria y la doctrina consignada en Resolución de 25 de junio de 1877, no es necesario que concurra al otorgamiento de la escritura de hipoteca la persona a cuyo favor se constituye, y por tanto ha de ser también inscribible la que ha motivado el presente recurso, aun en el supuesto de que los que intervienen en nombre del Banco de Castilla no hubiesen acreditado en forma legal su personalidad;" Resolución de 29 de diciembre de 1880.

"* * * en dichas resoluciones se sienta la doctrina de que,

con arreglo al artículo 138 de la Ley Hipotecaria, no es necesario que concurra al otorgamiento de la escritura de hipoteca la persona a cuyo favor se constituye, añadiéndose en la última que la escritura· es inscribible, aun en el supuesto de no estar bien acreditada la representación de quién comparece a aceptar la hipoteca en nombre de una corporación acreedora:'' Resolución de 28 de noviembre de 1893.

El documento hubiera quedado sin duda redactado en forma más completa si se hubiera transcrito en él el poder o la parte necesaria del mismo, pero la omisión de que se ha hecho mérito, tomada en consideración la naturaleza del contrato otorgado, no puede calificarse de defecto subsanable, atendido el concepto de tal calificación de acuerdo con lo prescrito en la Ley Hipotecaria.

Es cierto que se ha resuelto repetidas veces (véanse entre otras las resoluciones de la Dirección General de los Registros de España de 11 de noviembre de 1880 y 3 de enero de 1893, y el caso de *Fano* v. *El Registrador,* 15 D. P. R. 335), que es necesario que el apoderado presente el poder en el registro o que el poder o la cláusula pertinente del mismo se incluya en la escritura en forma debida, pero ha sido en casos en que el registrador tenía necesidad de examinar las facultades del apoderado para concluir si eran o no suficientes para otorgar el contrato cuya inscripción se solicitaba.   Y en este caso que pende ante nosotros la escritura de hipoteca pudo otorgarse y hubiera sido inscribible prescindiendo en absoluto del acreedor hipotecario.   No teniendo, pues, el registrador que investigar las facultades del apoderado, debió limitarse a inscribir el documento sin consignar la existencia del defecto apuntado.

Debe revocarse la nota recurrida en la parte en que lo ha sido.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf y Hutchison.

Los Jueces Sres. Presidente Hernández y Asociado Aldrey no intervinieron.