Manuel Pérez Blanco, recurrente, *v.* El Registrador de la Propiedad de Guayama, recurrido.

No. 702.—*Sometido:* Enero 9, 1928. *Resuelto:* Enero 24, 1928.

Hipotecas—Requisitos y Validez — Validez — Consentimiento o Aceptación por el Acreedor Hipotecario.—Las hipotecas voluntarias pueden constituirse por la sola voluntad del dueño de los bienes sobre que las mismas se constituyen sin necesidad de que conste la aceptación de la persona o personas a cuyo favor directa o indirectamente se otorgan.

Nota de *R. B. Pérez Mercado,* R. (Guayama), denegando inscripción de una hipoteca voluntaria. *Revocada.*

*José Martínez Dávila,* abogado del recurrente; el registrador recurrido, compareció por escrito.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

El 19 de octubre de 1927 comparecieron ante notario, de una parte, Ramón Delgado Rivera y su esposa, y de otra, Manuel Pérez Blanco, y manifestaron, en resumen: que los esposos Delgado eran dueños de cierta finca urbana que describen; que debían varias cantidades que especifican a diversas sociedades mercantiles que nombran; que habían celebrado con sus acreedores un convenio para el pago de sus créditos, convenio en el cual se designó como *trustee* al otro compareciente Pérez Blanco, y que para garantir el pago debían constituir como constituyeron en efecto hipoteca sobre la indicada finca urbana a favor del *trustee,* encargándose éste de repartir a prorrata entre los acreedores las cantidades que fuera recibiendo.

El documento se presentó en el registro, negándose su inscripción "porque las mercantiles acreedoras, . . . no han prestado su consentimiento para que los créditos a ellas correspondientes, sean garantizados con hipoteca a favor de tercera persona como lo es el mencionado trustee."

No conforme Pérez Blanco interpuso el presente recurso gubernativo alegando que la nota del registrador es contraria al artículo 138 de la Ley Hipotecaria y a la jurisprudencia establecida por esta corte en el caso de *Santiago* v. *Registrador de Guayama,* 25 D.P.R. 855.

El registrador ha presentado un amplio alegato en apoyo de su nota, invocando lo resuelto por la Dirección General de los Registros de España el 14 de marzo de 1893. Sostiene que no se trata aquí del caso corriente en que un deudor garantiza la deuda de un acreedor con hipoteca voluntaria, sino de un contrato bilateral que resulta de un convenio celebrado con todos los acreedores del deudor, constituyéndose la hipoteca a favor de una persona distinta de los acreedores.

Si se tratara de inscribir el convenio, si la inscripción obligara a los acreedores a respetar y cumplir dicho convenio, tendría razón el registrador recurrido; pero lo que se trata de inscribir es simplemente la hipoteca por virtud de la cual queda gravada la finca del deudor. Es el deudor el que sufre, el que sujeta su propiedad al pago de sus deudas. No compareciendo los acreedores al otorgamiento, en nada pueden ser perjudicados por lo recitado en la escritura por el deudor, ni por el llamado *trustee.* La inscripción que se pide no tiene más efecto que obligar al deudor en la forma que él mismo ha querido obligarse. Si sus manifestaciones y las del *se dicente trustee* no son ciertas, todo el edificio construído caería por su base.

Siendo esto así, es perfectamente aplicable a este caso el de *Santiago* v. *Registrador de Guayama, supra.* Allí esta corte, basándose en un estudio de la cuestión envuelta y en

lo decidido por la Dirección General de los Registros de España en 25 de junio de 1877, 29 de diciembre de 1880 y 28 de noviembre de 1893, resolvió que:

"Según la doctrina del artículo 138 de la ley hipotecaria, las hipotecas voluntarias pueden constituirse válidamente no sólo por convenio de las partes, sino por la exclusiva voluntad del dueño de los bienes sobre que las mismas se constituyen, sin necesidad de que conste la aceptación de la persona a cuyo favor impone el gravamen, razón por la que no constituye defecto subsanable el hecho de no acreditarse cumplidamente en la escritura presentada para su inscripción en el registro que la persona que en la misma compareció como apoderado del acreedor tenía en efecto tal carácter."

La resolución invocada por el registrador presenta un caso distinto. Ante notario comparecieron doña Magdalena Aumasquí y don Narciso Llunell, de una parte, y don Juan Vall y su hija doña Francisca, menor de edad, de otra, y en ella don Juan con ocasión del matrimonio de su hija con Llunell, la dió en dote quince mil pesetas, y un armario de ropa, y como sólo entregara la mitad de dicha suma, constituyó hipoteca sobre una finca para garantir la otra mitad. El registrador fundándose en que en el contrato de capitulaciones matrimoniales la menor aceptó la donación y en compensación se dió por satisfecha de cuanto pudiera corresponderle por legítima, negó la inscripción del documento y la Dirección confirmó la negativa, por considerar "que la hipoteca formaba parte integrante de un contrato bilateral y en tal concepto participaba de esa misma naturaleza, debiéndose exigir, por tanto, para su constitución la voluntad de ambas partes contratantes." No constaba la aceptación de la hipoteca por parte de la menor dotada.

Se ve, pues, que la Dirección no siguió el criterio fijado por ella misma en las resoluciones ya citadas en cuanto a la no necesidad de la aceptación de la hipoteca, basándose en las circunstancias peculiares del caso. Pudiera decirse, como sostiene el registrador, que aquí también la hipoteca se constituyó como consecuencia del contrato celebrado entre el

deudor y sus acreedores. Y así es en efecto. Y más claro
hubiera sido que los acreedores hubieran comparecido y
aceptado solemnemente todo lo consignado en la escritura
y dádose por satisfechos con la garantía otorgada. Pero
ellos no comparecieron y el contrato no tiene más alcance
que el del acto realizado por los dueños de una finca que la
gravan para garantir el pago de unas deudas que ellos di-
cen tener en la forma que dicen que convinieron al efecto.
Y esto puede hacerlo cualquier propietario sin necesidad de
que conste en el mismo documento la aceptación de las per-
sonas a favor de quienes directa o indirectamente se consti-
tuye la carga. Los términos del documento y los de la ins-
cripción se encargarán de fijar el alcance del uno y de la
otra.

*Debe revocarse la nota recurrida y ordenarse la inscrip-
ción solicitada.*