AMERICAN COLONIAL BANK OF PORTO RICO, Sucursal de Mayagüez, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGÜEZ, recurrido.

No. 724.—*Sometido:* Junio 20, 1928. *Resuelto:* Junio 21, 1928.

*A. Ramírez Silva,* abogado del recurrente; el registrador recurrido no compareció.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

El 25 de mayo de 1928 comparecieron ante notario Evangelista Segarra y su esposa y otorgaron una escritura pública en la cual expusieron que eran dueños de cierta finca urbana, que habían recibido cinco mil dólares a préstamo del American Colonial Bank, Sucursal de Mayagüez, y que en garantía de dicha suma y de otras para intereses y costas en caso de mora y reclamación judicial, constituían hipoteca voluntaria sobre su indicada finca. Todo se describe y detalla debidamente.

Presentada la escritura en el registro, el registrador la inscribió pero "con el defecto subsanable de no haberse aceptado el contrato por el acreedor hipotecario." No conforme el acreedor, interpuso el presente recurso gubernativo. El registrador no ha formulado alegato en explicación o defensa de su nota como requiere la regla de esta corte.

La cuestión envuelta no sólo ha sido decidida en sentido adverso al criterio sustentado por el registrador por la Dirección General de los Registros de España en resoluciones de 25 de junio de 1877, 29 de diciembre de 1880 y 28 de noviembre de 1893 y por esta Corte Suprema en el caso de *Santiago* v. *Registrador de Guayama,* 25 D.P.R. 855, que cita el recurrente, si que también por esta corte recientemente en el caso de *Pérez Blanco* v. *Registrador de Guayama,* 37 D.P.R. 632, donde se dijo:

"El registrador ha presentado un amplio alegato en apoyo de su nota, invocando lo resuelto por la Dirección General de los Registros de España el 14 de marzo de 1893. Sostiene que no se trata aquí del caso corriente en que un deudor garantiza la deuda de un acreedor con hipoteca voluntaria, sino de un contrato bilateral que resulta de un convenio celebrado con todos los acreedores del deudor, constituyéndose la hipoteca a favor de una persona distinta de los acreedores.

"Si se tratara de inscribir el convenio, si la inscripción obligara a los acreedores a respetar y cumplir dicho convenio, tendría razón el registrador recurrido; pero lo qué se trata de inscribir es simplemente la hipoteca por virtud de la cual queda gravada la finca del deudor. Es el deudor el que sufre, el que sujeta su propiedad al pago de sus deudas. No compareciendo los acreedores al otorgamiento, en nada pueden ser perjudicados por lo recitado en la escritura por el deudor, ni por el llamado *trustee*. La inscripción que se pide no tiene más efecto que obligar al deudor en la forma que él mismo ha querido obligarse. Si sus manifestaciones y las del *se dicente trustee* no son ciertas, todo el edificio construido caería por su base.

"Siendo esto así, es perfectamente aplicable a este caso el de *Santiago* vs. *Registrador de Guayama, supra.* Allí esta corte, basándose en un estudio de la cuestión envuelta y en lo decidido por la Dirección General de los Registros de España en 25 de junio de 1877, 29 de diciembre de 1880 y 28 de noviembre de 1893, resolvió que:

" 'Según la doctrina del artículo 138 de la ley hipotecaria, las hipotecas voluntarias pueden constituirse válidamente no sólo por convenio de las partes, sino por la exclusiva voluntad del dueño de los bienes sobre que las mismas se constituyen, sin necesidad de que conste la aceptación de la persona a cuyo favor se impone el gravamen, razón por la que no constituye defecto subsanable el hecho de no acreditarse cumplidamente en la escritura presentada para su inscripción en el registro que la persona que en la misma compareció como apoderado del acreedor tenía en efecto tal carácter.' "

Como puede verse el caso que resolvemos es aún más sencillo que el de Pérez Blanco, *supra,* concurriendo además en él la circunstancia de ser el propio acreedor hipotecario el que interpone el recurso.

*Debe revocarse la nota recurrida en cuanto al defecto subsanable apuntado.*